```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  RAYMOND B. NEU,                    Civil No. 15-3847 (NLH/KMW)

          Plaintiff,
                                     **OPINION**
      v.


  KENNETH LOBB, BALBOA PRESS
  INC., HAYS HOUSE, INC., and
  AUTHOR SOLUTIONS, INC.,

          Defendants.

**APPEARANCES:**

Raheem S. Watson
Watson LLC
BNY Mellon Center
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
    *Attorney for Plaintiff Raymond B. Neu*

Kenneth Lobb
5820 Monocacy Drive
Bethlehem, PA 18017
    *Pro Se Defendant*

Bruce S. Rosen
McCusker, Anselmi, Rosen & Carvelli, PC
210 Park Avenue, Suite 301
PO Box 240
Florham Park, NJ 07932
    *Attorney for Defendants Balboa Press, Inc., Hays House,
    Inc., and Author Solutions, Inc.*

**HILLMAN, District Judge**

     This matter comes before the Court by way of the motion to

dismiss filed by Defendants Balboa Press, Inc., Hays House,

Inc., and Author Solutions, Inc. [Doc. No. 18]. Pro Se Defendant Kenneth Lobb joins Defendants' motion [Doc. No. 19]. The Court has considered the parties' submissions, and for the reasons that follow, Defendants' motion will be granted and Plaintiff's Amended Complaint will be dismissed.

I.  **BACKGROUND**

This case concerns a book written by Defendant Kenneth Lobb entitled "We Picked Up" based on a hitchhiking trip the author took in 1971 with Plaintiff Raymond Neu. (Compl. ¶¶ 2, 7.) Plaintiff alleges he is depicted under the alias "Otto" in the book and that various false and defamatory statements are made about him. (Id. ¶¶ 12, 16.) Specifically, Plaintiff alleges his character engaged in larceny, promiscuous sexual activity, and drug use. (Id. ¶¶ 13-15.) Plaintiff's one-count Amended Complaint alleges defamation against all Defendants. Defendants Balboa Press, Inc., Hays House, Inc., and Author Solutions, Inc., Lobb's publishers, argue that Plaintiff's Amended Complaint must be dismissed because it is untimely and fails to state a claim for defamation.

II. **JURISDICTION**

There is complete diversity between Plaintiff and Defendants and, therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### III. MOTION TO DISMISS STANDARD

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the claim as true and view them in the light most favorable to the claimant. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); MCI Telecommunications Corp. v. Graphnet, Inc., 881 F. Supp. 126, 128 (D.N.J. 1995).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft

v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

## IV. DISCUSSION

In New Jersey, every action for libel or slander must be commenced "within 1 year next after the publication of the alleged libel or slander." N.J. Stat. Ann. § 2A:14-3. "New Jersey follows the single publication rule for mass publications under which a plaintiff alleging defamation has a single cause of action, which arises at the first publication of an alleged libel, regardless of the number of copies of the publication distributed or sold." Churchill v. State, 378 N.J. Super. 471, 478, 876 A.2d 311, 316 (App. Div. 2005). As long as the content remains unchanged, internet publications are also subject to the one-year statute of limitations which runs from the date of publication of the alleged libel or slander. Id. at 478. "Thus, it does not matter how many copies of a single edition of a book or newspaper are distributed or how many times a webpage is viewed, all are treated as a single publication." Solomon v. Gannett Co., No. A-6160-11T4, 2013 WL 3196946, at *2 (N.J.

Super. Ct. App. Div. June 26, 2013). The single publication rule prevents the constant tolling of the statute of limitations, prevents the potential harassment of defendants through a multiplicity of suits, and is more consistent with "modern practices of mass production and widespread distribution of printed information than the multiple publication rule." Churchill, 378 N.J. Super. at 479 (citation omitted).

Plaintiff does not dispute that the book was published on June 6, 2014.[1] Rather, Plaintiff argues it was republished on

---

[1] Plaintiff and Defendants do not dispute that the first publication date was June 6, 2015. Defendants have submitted the declaration of Eugene Hopkins, Global Director-Author Satisfaction for Author Solutions, Inc., Lobb's publisher, who avers that the book was published on June 6, 2014. (Hopkins Decl. ¶¶ 3-4). The book was also published in hard copy on the same date, June 6, 2014 by Amazon.com. (Id. at ¶ 5.) Amazon.com published a soft copy of the book on June 9, 2014. (Id. at ¶ 6.) Hopkins also avers that there were no "separate editions" of the book and the material provided to resellers was "identical in form." (Suppl. Hopkins Decl. ¶¶ 5-6). A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. See Fed. R. Civ. P. 12(d). While the Court is citing to a declaration not attached to the pleadings, it is not using the declaration to resolve factual disputes as the parties do not

June 9, 2014, which would fall within the statute of limitations since his complaint was filed on June 9, 2015.  The Court finds there is no republication under these circumstances.

    Plaintiff argues that in <u>Barres v. Holt, Rinehart & Winston, Inc.</u>, the New Jersey Superior Court case which adopted the single publication rule, the court noted that other jurisdictions recognize exceptions to the single publication rule where "there has been a separate edition, or continued massive printing and distribution, after the general release date."  131 N.J. Super. 371, 383, 330 A.2d 38, 45 (Ch. Div. 1974), aff'd, 141 N.J. Super. 563, 359 A.2d 501 (App. Div. 1976), aff'd, 74 N.J. 461, 378 A.2d 1148 (1977).  In <u>Barres</u>, three months after the general release date of a book, subsequent hard copies were printed.  The court concluded that the general release date controlled because the second printing was "sufficiently close to the first printing to be considered as part of it and not a second publication or a republication."  <u>Barres</u>, 131 N.J. Super. at 390-91.

---

dispute that the first publication date was June 6, 2015 or that the same book was published.  Rather, the parties dispute whether a later publication may be considered a "republication" under New Jersey law.

For the same reasons, the Court finds there is a single publication here.  A soft copy publication of the same book three days after the general release is even closer to the first publication than the three month gap in Barres.  Further, the material was identical in content.  See Churchill, 378 N.J. Super. at 484 (technical updates including altering the means of visitor access to a report published on the internet, but which did not change the substance of the report, did not constitute a "republication" and holding so would defeat the purpose of the single publication rule).  As such, the facts of this case fall squarely within the single publication rule and Plaintiff's claims are barred by New Jersey's one year statute of limitations.  Accordingly, the Court need not reach the merits of Plaintiff's claims and will dismiss Plaintiff's amended complaint.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [Doc. No. 18] will be granted.  An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

Dated:  April 6, 2016
At Camden, New Jersey