**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

RAYMOND B. NEU,

        Plaintiff,               Civ. No. 1:15-cv-3847-NLH-SAK

    v.                          **OPINION and ORDER**

KENNETH LOBB, et al.

        Defendants.

---

**APPEARANCES:**

RAYMOND B. NEU
P.O. BOX 189
ABSECON, NJ 08201

    *Appearing Pro Se*

**HILLMAN**, **District Judge**

    WHEREAS, on June 9, 2015, Raymond B. Neu ("Plaintiff") filed his complaint in this Court through his counsel Raheem S. Watson, Esquire ("Watson") (ECF 1); and

    WHEREAS, on January 25, 2016, Plaintiff filed an amended complaint (ECF 12); and

    WHEREAS, Plaintiff filed this case against individual Kenneth Lobb in addition to three corporate entities, Arthur Solutions, Inc.; Hays House, Inc.; and Balboa Press, Inc. (collectively, "Defendants") (Id. at ¶¶ 2-3); and

    WHEREAS, Plaintiff alleged that Kenneth Lobb authored a book titled "We Picked Up" with assistance from Arthur

1

Solutions, and that Balboa Press, which is a subsidiary of Hays House, published the book (Id. at ¶ 9).; and

WHEREAS, the book was published on June 9, 2014 (Id. at ¶ 10); and

WHEREAS, Plaintiff and Lobb attended high school together and in summer 1971 the two hitchhiked together from New Jersey to California (Id. at ¶ 7); and

WHEREAS, Lobb's book was based on Plaintiff and Lobb's experiences that summer and Plaintiff is depicted in the book as a character named Otto (Id. at ¶¶ 8-9, 12); and

WHEREAS, Plaintiff alleged that the book contains defamatory statements about Plaintiff (Id. at ¶¶ 11-16); and

WHEREAS, Plaintiff alleged that Lobb stated on his blog that the book was a "true life rendition of the facts" and also admits that he fabricated the truth to get it published (Id. at ¶¶ 18-19); and

WHEREAS, Plaintiff alleged that Lobb used Plaintiff's picture and name to promote the book on Facebook and used his name in a newspaper interview to promote the book; and

WHEREAS, Plaintiff raised a claim of defamation against Defendants (Id. at ¶¶ 20-21); and

WHEREAS, on February 26, 2016, Defendants Arthur Solutions, Inc.; Hays House, Inc.; and Balboa Press, Inc. filed a motion to

dismiss stating, among other arguments, that the complaint was filed beyond the applicable statute of limitations (ECF 18); and

WHEREAS, on February 29, 2016, Defendant Lobb filed a letter joining in the Motion to Dismiss (ECF 19); and

WHEREAS, on April 6, 2016, applying New Jersey's single publication rule for determining when the statute of limitations begins to run for a libel or slander action premised on a mass publication, this Court determined that the one-year statute of limitations had run (ECF 26 at 7);

WHEREAS, this Court explained that the book was published on June 6, 2014 in hardback and a soft copy version was released on June 9, 2014; however, the relevant date for the statute of limitations is the June 6, 2014 date because these two releases constituted a single publication based on the close proximity of the releases and the fact that the content was identical (Id. at 5-7); and

WHEREAS, accordingly, this Court dismissed Plaintiff's complaint, which was filed on June 9, 2016, as untimely (ECF 27); and

WHEREAS, on May 11, 2016, Plaintiff filed a letter addressed to the Court stating that he objected to paying his counsel, Mr. Watson, attorney's fees as his actions led to Plaintiff's case being unsuccessful (ECF 28); and

WHEREAS, Plaintiff stated in this letter that "Mr. Watson missed a critical <u>Statute of Limitations Deadline</u>, despite the fact that Plaintiff instructed him to file by June 5, 2016 (Id. at 1 (emphasis in original)); and

WHEREAS, Plaintiff also stated that he had been advised "that the remedy for Mr. Watson's mistakes is a legal malpractice suit," which he stated he was exploring (Id. at 3); and

WHEREAS, seven years later, on May 18, 2023, Plaintiff filed a letter with this Court seeking to have this case reopened (ECF 29); and

WHEREAS, Defendants did not file any response; and

WHEREAS, Plaintiff filed a reply on July 10, 2023 reiterating the content of his letter (ECF 31) and another letter on August 1, 2023 seeking an update and providing proof of service (ECF 32); and

WHEREAS, this Court construes Plaintiff's letter as a motion pursuant to Federal Rule of Civil Procedure 60(b); and

WHEREAS, Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

4

>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60; and

WHEREAS, a Rule 60(b) motion "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); and

WHEREAS, Plaintiff stated that his reasons for reopening the case include that (1) his counsel filed the case three days past the statute of limitations despite him instructing his counsel of the deadline two months prior; (2) his counsel failed to state a claim; (3) his counsel was later disbarred in New Jersey; (4) his counsel was later disbarred in Pennsylvania; (5) his counsel failed to allege a claim for invasion of privacy; and (6) his counsel failed to include in the complaint that the

book contained racial slurs or include a racial discrimination cause of action (ECF 29 at 1); and

WHEREAS, Plaintiff also asks for his case to be reopened "for the sake of Justice" (Id.); and

WHEREAS, Plaintiff's reasons for reopening this matter focus on mistakes or inaction from his counsel, implicating Rule 60(b)(1) which allows a matter to be reopened when there is "mistake, inadvertence, surprise, or excusable neglect"; and

WHEREAS, Rule 60(b)(1) requires such motion to be made "no more than a year after the entry of the judgment or order or the date of the proceeding"; and

WHEREAS, Plaintiff had filed this Motion seven years after his case was dismissed; and

WHEREAS, accordingly his application under Rule 60(b)(1) is untimely; and

WHEREAS, even to the extent Plaintiff's Motion seeks relief under Rule 60(b)(6), which permits a case to be reopened for "any other reason that justifies relief" and does not have the same strict one year timeline for filing a Rule60(b) motion, Plaintiff's Motion filed seven years after his case was dismissed is not filed "within a reasonable time" where Plaintiff was aware of these issues seven years ago, as evidenced by his May 11, 2016 letter to the Court complaining of his attorney's conduct; and

6

THEREFORE, it is on this 5th day of October, 2023

ORDERED that the Clerk shall reopen this matter for the sole purpose of entering this Opinion and Order; and is further

ORDERED that Plaintiff's Motion to Reopen his case (ECF 29) be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk serve a copy of this Opinion and Order on Plaintiff by regular mail; and is further

ORDERED that this case shall be re-closed.

At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

7